UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEXTER BROWN,<br><br>    Plaintiff,<br><br>v.<br><br>DIANE FEINSTEIN, et al.,<br><br>    Defendants. | No. 2:18-cv-00670 CKD P<br><br>ORDER & FINDINGS AND<br>RECOMMENDATIONS |

Plaintiff, a state prisoner proceeding pro se, has filed a civil rights complaint pursuant to Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971), along with request to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This action is referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302(c). For the reasons that follow, this court recommends the dismissal of this action with prejudice.

Plaintiff requests leave to proceed in forma pauperis. Since plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a), his request will be granted. Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding

1

month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

## I. Procedural History

Before the court could screen plaintiff's original complaint filed on March 28, 2018, plaintiff filed a first amended civil rights complaint that is currently pending before the court. See ECF No. 3. The first amended complaint contains the same substantive allegations as the original complaint, but names three additional defendants. Id. Since the original complaint was not yet served on any defendant, no leave to amend is necessary. See Fed. R. Civ. P. 15(a)(1). Accordingly, the court will proceed to screen plaintiff's first amended complaint.

## II. Screening Standard

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

In order to avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-557 (2007). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Furthermore, a claim

upon which the court can grant relief has facial plausibility. Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007), and construe the complaint in the light most favorable to the plaintiff, see Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

**III.    Allegations in the Complaint**

In the amended complaint, plaintiff names U.S. Senator Diane Feinstein, U.S. Representatives Doris Matsui and Barbara Lee, and Acting United States Attorney Philip Talbert as defendants based on their failure to investigate his written reports of ongoing efforts by unidentified prison personnel to murder him by spiking various items with excessive amounts of calcium or potassium. ECF No. 3 at 20-21. Plaintiff alleges that he has four items of evidence which demonstrate these ongoing efforts to murder him.

> Two cans of liquid nutritional supplement that were surreptitiously opened and potassium added therein. What was supposed to be a vacuum sealed package of meat that was tampered with then deliberately dispensed to me by a Certified Nurse Assistant on December 1, 2017. I.V. tubing containing a substance that made me sick when administered by a nurse. A sample of saline taken from my hemodialysis treatment lumens that I am certain has either potassium or calcium mixed therein by hemodialysis staff.

ECF No. 3 at 20-21. Plaintiff submitted written reports to defendants in an effort to have these four items tested by an independent laboratory. Plaintiff contends that defendants violated his Fourteenth Amendment right to due process when they failed to act on his reports of "repeated acts of attempted homicide, repeated attempts to steal/destroy the physical evidence of the attempts on my life by California prison personnel, and the deprivation of my right to report, redress, and remedy violations of my rights under State and federal criminal law." ECF No. 3 at 3-5. By way of relief, plaintiff seeks declaratory and injunctive relief, but no compensatory damages. Id. at 9.

/////

3

**IV.    Legal Standards Applicable to a Bivens Action**

Plaintiffs who seek to allege claims for redress of the deprivation of their constitutional rights by federal officers may bring an action under Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971), if the claim is alleged against a federal employee in his or her individual capacity. FDIC v. Meyer, 510 U.S. 471, 485-86 (1994); Vaccaro v. Dobre, 81 F.3d 854, 856 (9th Cir. 1996). Bivens actions are identical to civil rights actions under 42 U.S.C. § 1983 except for the replacement of state actor under § 1983 by federal actor under Bivens. Starr v. Baca, 652 F.3d 1202, 1206 (9th Cir. 2011) ("Although more limited in some respects, a Bivens action is the federal analog to an action against state or local officials under § 1983.") (internal quotation marks omitted); Van Strum v. Lawn, 940 F.2d 406, 409 (9th Cir. 1991). "Because vicarious liability is inapplicable to Bivens and [42 U.S.C.] § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." Ashcroft v. Iqbal, 556 U.S. 662, 676 (2009).

**V.    Analysis**

A review of plaintiff's prior civil rights actions in this court demonstrates that plaintiff's allegations that unidentified prison personnel are attempting to murder him and that government officials and agencies are failing to investigate these claims can be traced back to 2011. See Brown v. Brown, 2:11-cv-03053-KJM-KJN (E.D. Cal. December 12, 2012) (dismissing complaint without prejudice); Brown v. Mueller, 2:12-cv-02321-KJM-DAD (E.D. Cal. September 24, 2013) (dismissing complaint without leave to amend as frivolous and for failing to state a claim upon which relief may be granted). In light of the history of these allegations, the court finds the claims for relief in the first amended complaint to be far-fetched and fantastical. Accordingly, plaintiff's complaint is frivolous and should be dismissed. See Neitzke v. Williams, 490 U.S. 319, 327-28 (1989) (in forma pauperis statute accords judges the authority to dismiss those claims whose factual contentions are clearly baseless, such as those "describing fantastic or delusional scenarios").

Even if there were some factual basis supporting plaintiff's claims for relief, his complaint suffers from additional fatal defects. Here, the majority of the defendants that plaintiff sues are

4

members of the United States Senate or House of Representatives. These individuals are entitled to absolute immunity when their activities fall within the "'sphere of legitimate legislative activity.'" Eastland v. U.S. Servicemen's Fund, 421 U.S. 491, 501 (1975) (citations omitted). It is well-settled law that members of the legislative branch are protected from suit by the Speech and Debate Clause of the federal Constitution. Id.; see also U.S. Const., Art. I, s 6, cl. 1. This "Clause provides protection against civil as well as criminal actions, and against actions brought by private individuals as well as those initiated by the Executive Branch." Eastland, 421 U.S. at 502-03 (citations omitted). The United States Supreme Court has concluded that "[t]he power to investigate and to do so through compulsory process plainly falls within" the definition of legitimate legislative activity. Eastland, 421 U.S. at 504. It is that exact power to investigate on which plaintiff premises defendants' Feinstein's, Matsui's, and Lee's liability in this case. They are immune from suit for their actions connected with any legislative investigation, or, in this case, the absence of an investigation. Accordingly, plaintiff fails to state a claim for relief against these three defendants.

Likewise, defendant Talbert is also immune from suit in his capacity as the Acting United States Attorney for the Eastern District of California.[1] Prosecuting attorneys are absolutely immune from civil suits for damages relating to professional conduct which is "intimately associated with the judicial phase of the criminal process," Imbler v. Pachtman, 424 U.S. 409, 430 (1976), or which is "undertaken ... in the course of [their] role as an advocate for the State...." Buckley v. Fitzsimmons, 509 U.S. 259, 273 (1993). Moreover, plaintiff's allegations in this case appear to be based on nothing more than defendant Talbert's supervisory role over the Office of the United States Attorney for the Eastern District of California. Supervisory officials are not vicariously liable in a Bivens action. See Terrell v. Brewer, 935 F.2d 1015, 1018 (9th Cir. 1990). Therefore, defendant Talbert is also immune from suit.

Because it does not appear possible that the deficiencies identified herein can be cured by amending the complaint, plaintiff is not entitled to leave to amend prior to dismissal of the entire

---

[1] McGregor Scott was sworn in as the United States Attorney for the Eastern District of California on December 29, 2017.

action. See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc). The court has reached this conclusion in light of the obvious deficiencies in the first amended complaint described above, as well as the fact that plaintiff's far-fetched allegations were included in the original complaint. The undersigned finds that it would be futile to grant plaintiff leave to amend. Klamath-Lake Pharm. Ass'n v. Klamath Med. Serv. Bureau, 701 F.2d 1276, 1293 (9th Cir. 1983) (holding that while leave to amend shall be freely given, the court does not have to allow futile amendments).

**VI.    Motion for Injunctive Relief**

On May 17, 2018, plaintiff filed a motion for injunctive relief seeking an order requiring the defendants to investigate his allegations that various prison personnel are attempting to murder him. ECF Nos. 5, 6. Plaintiff asserts that a preliminary injunction is necessary because the defendants "failed to follow the stated code of federal regulations sections" requiring such an investigation. ECF No. 5 at 1.

In light of this court's recommendation that this action be dismissed with prejudice, the undersigned recommends denying plaintiff's motion for injunctive relief as moot.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis (ECF No. 4) is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. The Clerk of Court is directed to randomly assign this case to a district court judge.

IT IS FURTHER RECOMMENDED that:

1. This action be dismissed with prejudice as frivolous and for failing to state a claim;

2. Plaintiff's motion for a preliminary injunction (ECF No. 5) be denied as moot; and,

3. This action be closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written

objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be served and filed within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated:  October 16, 2018

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

12/brow0670.dismissF&R.docx